THOMAS J. SPEISS, III, Cal. State Bar No. 200949
STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Blvd., Suite 400
Santa Monica, CA 90401
Telephone: (424) 214-7042
Fax: (424) 645-0770
Email: TSpeiss@SYCR.com

Attorneys for Plaintiff,
Arthur Dogswell, L.L.C.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARTHUR DOGSWELL, L.L.C., a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>HIMALAYAN CORPORATION, a Washington Corporation; HIMALAYAN HOLDINGS GROUP, LLC, a Washington Limited Liability Company; SUJAN K. SHRESTHA, an individual; and DOES 1-10,<br><br>Defendants. | Case No.: CV13-7235 ODW-MRWx<br><br>COMPLAINT FOR:<br><br>(1) TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1114;<br><br>(2) UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a);<br><br>(3) UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 et seq.; and,<br><br>(4) COMMON LAW MISAPPROPRIATION.<br><br>DEMAND FOR JURY TRIAL |

-1-

COMPLAINT

Plaintiff, ARTHUR DOGSWELL, L.L.C, by and through its attorneys, for its complaint against HIMALAYAN CORPORATION and SUJAN K. SHRESTHA, hereby alleges as follows:

## THE PARTIES

1. Plaintiff ARTHUR DOGSWELL, L.L.C., doing business as DOGSWELL ("DOGSWELL"), is and at all times pertinent to this action has been, a limited liability company duly organized and existing under the laws of the State of Delaware, and having its principal place of business at 1964 Westwood Blvd., Suite 350 Los Angeles, California 90025.

2. Upon information and belief, Defendant HIMALAYAN CORPORATION, doing business as HIMALAYAN DOG CHEW ("HIMALAYAN CORP"), is a corporation duly organized and existing under the laws of the State of Washington, with its principal place of business at 4480 Chennault Beach Road, Mukilteo, Washington 98275.

3. Upon information and belief, Defendant HIMALAYAN HOLDINGS GROUP, LLC ("HIMALAYAN LLC"), is a limited liability company duly organized and existing under the laws of the State of Washington, with its principal place of business at 4480 Chennault Beach Road, Mukilteo, Washington 98275 (collectively, HIMALAYAN CORP and HIMALAYAN LLC shall be referred to as "HIMALAYAN").

4. Upon information and belief, Defendant SUJAN K. SHRESTHA ("SHRESTHA") is an individual residing at 7205 58th Street NE, Marysville, Washington 98270-9285.

5. Upon information and belief Defendant DOES Nos. 1 through 10 (the "DOE DEFENDANTS") are individuals, corporations and other legal entities — including online businesses and distributors — whose names and addresses and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-2-

COMPLAINT

DOCSSM/3004617v2/102631-0115

residences of which are presently unknown (collectively, HIMALAYAN, SHRESTHA and the DOE DEFENANTS shall be referred to as the "DEFENDANTS").

## JURISDICTION AND VENUE

6. This is a civil action arising under the laws of the United States relating to trademarks (15 U.S.C. Sections 1114(1), 1117 and 1125(a)). This Court has federal question jurisdiction pursuant to 28 U.S.C. Sections 1331, 1338(a) and (b) and 2201-02.

7. This Court has personal jurisdiction over HIMALAYAN pursuant to California Code of Civil Procedure Section 410.10. Plaintiff is informed and believes, and thereon alleges, that HIMALAYAN has engaged in business activities in California — including marketing and selling its infringing products at the recent 24th Annual America's Family Pet Expo event in Costa Mesa, California — and has substantial, continuous and systematic contacts with the State of California and within this Judicial District.

8. This Court has personal jurisdiction over SHRESTHA pursuant to California Code of Civil Procedure Section 410.10. Plaintiff is informed and believes, and thereon alleges, that SHRESTHA has engaged in business activities in California, and has substantial, continuous and systematic contacts with the State of California and within this Judicial District.

9. This Court has personal jurisdiction over the DOE DEFENDANTS pursuant to California Code of Civil Procedure Section 410.10. Plaintiff is informed and believes, and thereon alleges, that the DOE DEFENDANTS have engaged in business activities in California, and has substantial, continuous and systematic contacts with the State of California and within this Judicial District.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-3-

COMPLAINT

DOCSSM/3004617v2/102631-0115

10. The acts and transactions complained of herein were conceived, carried out, made effective, and had an effect within the State of California and within this Judicial District. Venue is proper under 28 U.S.C. Sections 1338(a), 1391(b) and (c).

## NATURE OF THE ACTION

11. In this action, DOGSWELL seeks injunctive relief, lost profits, damages and attorney fees for DEFENDANTS' acts of trademark infringement under 15 U.S.C. § 1114 *et seq.*, unfair competition and false designation of origin under 15 U.S.C. § 1125(a), unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq*, and common law misappropriation.

## GENERAL ALLEGATIONS

### For More Than Nine (9) Years, Dogswell Has Sold And Marketed VITALITY® Consumable Pet Products in United States Commerce.

12. For more than Nine (9) Years, Dogswell has sold and marketed VITALITY® consumable pet products in United States commerce.

13. Since at least as early as <u>July 6, 2004</u>, Dogswell first used its VITALITY® trademark in United States commerce to sell its unique and now well-known line of VITALITY® dog treats, a sample of which is depicted below.



14. Since at least as early as April 24, 2008, Dogswell first used its VITALITY® trademark in United States commerce to sell its unique and now well-known line of VITALITY® dog food.

15. Dogswell previously expanded and continues to expand its VITALITY® healthy, consumable product lines in the United States and elsewhere to include additional dog treats, and other forms of dog food, including VITALITY® JERKY BARS™, VITALITY® JERKY STRIPS™, and dry and canned pet food, including a variety of chicken, duck, beef, and lamb offerings.

16. Dogswell distributes its VITALITY® dog treat and dog food product lines in over 5,000 retail locations throughout the United States. For instance,

   a. On or about November 11, 2005, Dogswell first distributed its VITALITY® dog treats in Whole Foods Market, Inc. ("Whole Foods");

   b. On or about December 27, 2006, Dogswell first distributed its VITALITY® dog treats in Target Corporation ("Target"); and,

   c. On or about July 23, 2007, Dogswell first distributed its VITALITY® dog treats in PETCO Animal Supplies, Inc. ("PETCO").

**The Consumable Pet Products Industry Identifies VITALITY® As A Pet Product That Is Marketed And Sold By Dogswell.**

17. The consumable pet products industry identifies VITALITY® as a pet product that is marketed and sold by Dogswell, as demonstrated by VITALITY® television features and news articles, most recently as follows,

   a. On or about September 6, 2012, the pet industry news blog My Bella Pup featured JERKY BARS. In this article, the writer states,

   > "Sooooo! One of the products Dogswell sent over to me is called Vitality Jerky Bars. They're basically a supplement/vitamin for dogs – genius. Seems like it tastes good. . . . Bella was whining for more after I gave her a piece yesterday. . . . Since I gave her a piece already today, the bag remained shut and now she's asleep next to it. . . .";

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-5-

COMPLAINT

DOCSSM/3004617v2/102631-0115

      b.      On or about <u>April 4, 2013</u>, the <u>Hallmark Channel</u>, as part of its television show, *Home & Family*, featured VITALITY® dog treats in a segment hosted by the Hallmark Channel's Sophie Uliano concerning the Natural Products Expo; and,

      c.      On or about <u>May 1, 2013</u>, the pet industry news periodical <u>Pet Product News International</u> featured a news story concerning Dogswell product offerings, including VITALITY®, entitled "*Dogswell Redesign Ends Well*". The article states,

> "In redesigning Vitality, Dogswell elevated the 'Grain Free' and 'Made in the USA' call-outs, greatly enlarged the 'Jerky Bars' name and broke down the ingredients in hard-to-miss graphics along the left side."

**<u>The Relevant Consuming Public Has Identified And Continues To Identify VITALITY® As A Consumable Pet Treat Marketed And Sold By Dogswell.</u>**

18. The relevant consuming public has identified and continues to identify VITALITY® as a consumable pet treat marketed and sold by Dogswell, as demonstrated through, *inter alia*:

      a.      <u>Advertisements and Testimonials</u>: print and commercial advertisements; customer testimonials; trade shows where VITALITY® consumable pet treats were exhibited and sold; point-of-purchase retail displays, which further increase consumer awareness concerning the availability of VITALITY® consumable pet treats; and,

      b.      <u>Retail Advertisements</u>: PETCO's marketing and sale of VITALITY® consumable pet treats in at least 1,200 retail locations, as well as online through www.PETCO.com, which previously has resulted in: several million commercial impressions or individual page views of the VITALITY® pages on the PETCO Internet website; several hundred thousand commercial impressions of VITALITY® as a result of PETCO's mailing of a circular, or

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-6-

COMPLAINT

DOCSSM/3004617v2/102631-0115

paper flyer, to its customers featuring VITALITY®; and, thousands of customer commercial impressions inside PETCO retail locations.

### Dogswell Has Invested And Continues to Invest Substantial Time, Money And Effort In Promoting And Advertising VITALITY® Consumable Pet Products.

19. Dogswell has invested and continues to invest substantial time, money and effort in promoting and advertising VITALITY® consumable pet products, and has sold over 1,000,000 (1 million) separate SKUs of VITALITY® consumable pet treats in the last two (2) years alone.

### Dogswell Holds A Federal Registration For VITALITY®, United States Trademark Registration No. 3,987,619.

20. DOGSWELL holds a Federal registration for VITALITY®, United States Trademark Registration No. 3,987,619, in International Classification 31 for "dog food; dog treats." A copy of DOGSWELL's United States trademark registration for VITALITY® is attached hereto as **Ex. A**.

### Defendants Have Willfully Violated Dogswell's Rights In And To VITALITY®, United States Trademark Registration No. 3,987,619.

21. Upon information and belief, on or about September 15, 2012, which is over eight (8) years after Dogswell first used its VITALITY® trademark for the marketing and sale of its VITALITY® dog treats and dog food in the United States, DEFENDANTS began using "Vitality" to market and sell their consumable pet products in the United States.

22. Upon information and belief, at least as early as April 21, 2013, Defendants have marketed and/or shipped "Vitality" consumable pet products into California and this Judicial District, including as follows,

    a. as part of recent 24th Annual America's Family Pet Expo event in Costa Mesa, California;

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-7-

COMPLAINT

DOCSSM/3004617v2/102631-0115

      b.    through several internet websites including, but not limited to, www.BestBullySticks, www.BuyHimalayanDogChews.com, and www.HimalayanDogChews.com. The www.BuyHimalayanDogChews.com retail website offers DEFENDANTS' "Vitality" consumable pet products for sale at $5.30 per package, with "5-day shipping" into California; and,

      c.    at several retail locations within this judicial district, including at Centinela, located at 1505 Olive Avenue, Burbank, California 91506; Doggy Woods Pet Emporium, located at 923 N. Hollywood Way, Burbank, California 91505; Pet Haven, located at 626 N. Glenoaks Blvd., Burbank, California 91502; and well as several other retailers within this judicial district.

23. In addition, upon information and belief, while Himalayan has filed United States Federal trademark applications for YAKY YAM, US TM App. No. 85/284,135, and, LOTS OF PAWS, US TM App. No. 85/891,989, it did not file a Federal trademark application for "Vitality" — this is because it likely knew that such an application would not proceed to registration.

24. DOGSWELL is informed and believes, and on that ground alleges, that DEFENDANTS adopted the confusingly similar term "Vitality" with knowledge of DOGSWELL's Federally registered VITALITY® trademark, and with the intent to deceive consumers and to cause confusion among purchasers for the purpose of misappropriating and benefiting from the goodwill and public recognition associated with DOGSWELL's Federally registered VITALITY® trademark and by diverting sales from Dogswell to DEFENDANTS.

25. DOGSWELL is informed and believes, and on that ground alleges, that the term "Vitality" is identical to DOGSWELL's Federally registered VITALITY® trademark in sight, sound and connotation, such that DEFENDANTS' its use of "Vitality" in the sale and marketing of consumable pet

treats to the same class of customers, through the same or similar channels of trade, is likely to cause confusion.

26.  The aforementioned acts of DEFENDANTS have caused, and will cause, actual confusion and a likelihood of confusion in the minds of the trade and the public, and have damaged and will further damage DOGSWELL's well-earned and carefully crafted reputation for exclusivity in connection with its Federally registered VITALITY® trademark.

27.  On May 14, 2013, DOGSWELL initiated contact with DEFENDANTS concerning this matter.

28.  Upon information and belief, on or about May 28, 2013, DEFENDANTS caused the Internet domain name www.BuyHimalayanDogChews.com to be transferred to Avrum Elmakis, who has an address of 1221 Admiral Street, Richmond, Virginia 23220. Upon information and belief, Mr. Elmakis is the proprietor of Buy Himalayan Dog Chews.

29.  The parties have been unable to resolve this matter.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
## (LANHAM ACT §32)

30.  DOGSWELL repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 hereof as if fully stated herein.

31.  By virtue of their conduct, DEFENDANTS have used and are using a spurious term in connection with the advertising, marketing, and offering of their "Vitality" consumable pet products in interstate commerce, which mark is identified with the Federally registered VITALITY® trademark presently used by DOGSWELL.

32.  DOGSWELL's VITALITY® consumable pet products are offered and advertised to the nearly identical or identical classes of purchasers as

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-9-

COMPLAINT

DOCSSM/3004617v2/102631-0115

DEFENDANTS' "Vitality" pet treats. As a result of DEFENDANTS' conduct, there is a strong likelihood of confusion, mistake, or deception, and many persons familiar with DOGSWELL's Federally registered VITALITY® trademark, its reputation and favorable goodwill, are likely to purchase DEFENDANTS' "Vitality" consumable pet products in the mistaken belief that they are offered or authorized by DOGSWELL.

33. DEFENDANTS' actions have been and are willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had and will have the result of misleading, deceiving and confusing the public to believe that DEFENDANTS and/or their "Vitality" consumable pet products are affiliated with, sponsored or controlled by DOGSWELL.

34. As a consequence, DEFENDANTS have traded and are trading upon, and have gained and are gaining public acceptance and other benefits from, DOGSWELL'S favorable reputation and valuable goodwill, which have accordingly been placed at risk and damaged by DEFENDANTS' tortious actions and conduct.

35. The foregoing actions of DEFENDANTS constitute trademark infringement by inducing the erroneous belief that DEFENDANTS and/or their "Vitality" consumable pet products are in some manner affiliated with, originate from, or are sponsored by DOGSWELL in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

36. DOGSWELL is informed and believes, and on that ground alleges, that DEFENDANTS have made and/or will make unlawful gains and profits from their unlawful actions as alleged herein, and by reason thereof, DOGSWELL has been deprived of gains and profits which otherwise would have inured to it but for such unlawful actions.

37. DOGSWELL has no adequate remedy at law for the injuries alleged in this Count. The injury is, in part, intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as DEFENDANTS continue their wrongful conduct.

38. Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining the value of the damage to DOGSWELL caused by DEFENDANTS' wrongful conduct, said conduct has resulted in irreparable, direct and proximate damages to DOGSWELL and DOGSWELL is entitled to injunctive relief under 15 U.S.C. Section 1116(a).

## COUNT II

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

## (LANHAM ACT §43(a))

39. DOGSWELL repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 hereof as if fully stated herein.

40. This claim arises under Section 43(a) of the Lanham Act. DEFENDANTS' unauthorized use and actual, continued use in interstate commerce of DOGSWELL's Federally registered VITALITY® trademark constitutes use of a false designation of origin and a false description or representation that has caused and is likely to cause confusion, mistake or deception (a) as to the characteristics, qualities or origin of DEFENDANTS' "Vitality" consumable pet products, (b) as to an affiliation, connection or association between DOGSWELL and DEFENDANTS, and (c) as to the sponsorship or approval of DEFENDANTS' "Vitality" consumable pet products.

41. Such actions, as used in commercial advertising, have misrepresented and do misrepresent the nature, characteristics or qualities of DEFENDANTS' "Vitality" consumable pet products and/or commercial activities.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-11-

COMPLAINT

DOCSSM/3004617v2/102631-0115

42. Upon information and belief, DEFENDANTS have intentionally falsely designated the origin of their "Vitality" consumable pet products by adopting and using a term that is identical as DOGSWELL'S Federally registered VITALITY® trademark for its consumable pet products so as to profit from DOGSWELL'S well-earned and carefully crafted reputation by confusing the public as to the source, origin, sponsorship or approval of its VITALITY® consumable pet products, with the intention of deceiving and misleading the public at large, and of wrongfully trading on the goodwill and reputation of DOGSWELL.

43. The activities of DEFENDANTS complained of herein have caused and, unless enjoined, will continue to cause substantial and irreparable harm to DOGSWELL, its well-earned and carefully crafted business reputation and its goodwill, for which DOGSWELL is without adequate remedy at law. Such activities have also caused DOGSWELL monetary loss and damage including, but not limited to, the loss of profits in an amount not yet determined.

44. Further, the injury is of a continuing nature and will continue to be suffered so long as DEFENDANTS continue their wrongful conduct. Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining, the value of the damage to DOGSWELL caused by DEFENDANTS' wrongful conduct, DOGSWELL is informed and believes, and on that ground alleges, that said conduct has resulted in irreparable, direct and proximate damages to DOGSWELL.

## COUNT III

## UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.*

45. DOGSWELL repeats and re-alleges each and every allegation contained in paragraphs 1 through 43 hereof as if fully stated herein.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-12-

COMPLAINT

DOCSSM/3004617v2/102631-0115

46. DOGSWELL is informed and believes, and on that ground alleges, that DEFENDANTS misappropriated DOGSWELL's Federally registered VITALITY® trademark with the intent of causing confusion, mistake and deception as to the source of their consumable pet products with the intent to palm-off their "Vitality" consumable pet products as those of DOGSWELL, and as such DEFENDANTS have committed unfair competition in violation of the common law of the State of California.

47. The foregoing acts of DEFENDANTS have caused and will continue to cause injury to DOGSWELL, by depriving it of sales of its genuine VITALITY® consumable pet products, injuring its business reputation, and by passing off DEFENDANTS' consumable pet products as DOGSWELL's genuine consumable pet products, all in violation of the common law of the State of California.

48. DEFENDANTS' acts have caused and will continue to cause irreparable harm and damage to DOGSWELL, and have caused and will continue to cause DOGSWELL monetary damage in an amount thus far not determined, for which DOGSWELL is entitled to its actual damages, DEFENDANTS' profits, punitive damages, attorney fees and costs.

49. DEFENDANTS' infringement of DOGSWELL's Federally registered VITALITY® trademark constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200.

50. As a consequence of DEFENDANTS' actions, DOGSWELL is entitled to injunctive relief and an order that DEFENDANTS disgorge all profits on the manufacture, use, display or sale of infringing goods.

//
//

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-13-

COMPLAINT

DOCSSM/3004617v2/102631-0115

## COUNT IV

## COMMON LAW MISAPPROPRIATION

51. DOGSWELL repeats and re-alleges each and every allegation contained in Paragraphs 1 through 49 hereof as if fully stated herein.

52. DOGSWELL has invested substantial time, man-hours, resources and money in adopting, developing and using its Federally registered VITALITY® trademark ("Investment Capital"), and the Federally registered VITALITY® trademark is DOGSWELL's property.

53. In committing the acts of trademark infringement and unfair competition as alleged herein, DEENDANTS have misappropriated and taken without permission DOGSWELL'S property and converted it to their own use for their own benefit.

54. DOGSWELL is informed and believes, and on that ground alleges, that by misappropriating and converting DOGSWELL'S property, DEFENDANTS have benefited greatly and illegitimately by using "Vitality" to offer their consumable pet products for sale without having to make a substantial investment of their own Investment Capital.

55. DEFENDANTS' acts constitute common-law misappropriation under the common law of the State of California.

56. DEFENDANTS have been and will continue to be, unless enjoined, unjustly enriched by their acts of misappropriation.

57. The foregoing acts of DEFENDANTS have injured and will continue to injure DOGSWELL by depriving it of sales of its genuine VITALITY® consumable pet products and by injuring its business reputation and good will, all in violation of the common law of the State of California.

58. DEFENDANTS' acts have caused and will continue to cause irreparable harm and damage to DOGSWELL, and have caused and will continue

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-14-

COMPLAINT

DOCSSM/3004617v2/102631-0115

to cause DOGSWELL monetary damage in an amount thus far not determined, for which DOGSWELL is entitled to its actual damages, DEFENDANTS' profits, punitive damages, attorney fees and costs.

59. DOGSWELL has no adequate remedy at law.

**WHEREFORE**, DOGSWELL demands judgment against DEFENDANTS as follows:

A. That DEFENDANTS' conduct infringes DOGSWELL's Federally registered VITALITY® trademark, falsely designates the origin of DOGSWELL's VITALITY® consumable pet products, falsely describes such VITALITY® consumable pet products, and unfairly competes with DOGSWELL, all in violation of Lanham Act §§43(a) and 32, 15 U.S.C. §1125, and 15 U.S.C. §1114 et seq.

B. That DEFENDANTS' conduct serves to infringe DOGSWELL's Federally registered VITALITY® trademark and unfairly competes with DOGSWELL under the common law of the State of California.

C. That DEFENDANTS and their agents, officers, directors, servants, employees, attorneys, their successors and assigns, and all others in active concert or participation with DEFENDANTS be preliminarily and permanently enjoined from directly or indirectly:

i. Using DOGSWELL's Federally registered VITALITY® trademark, or any other trademarks which are confusingly similar to or colorable imitations of DOGSWELL's Federally registered VITALITY® trademark, including, without limitation, the term "Vitality" alone or as part of or together with any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design;

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-15-

COMPLAINT

DOCSSM/3004617v2/102631-0115

    ii. Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of DEFENDANTS' consumable pet products; and,

    iii. Otherwise unfairly competing with DOGSWELL or misappropriating DOGSWELL's intellectual property, including, but not limited to DOGSWELL's Federally registered VITALITY® trademark.

  D. That the Court issue an Order directing DEFENDANTS to file with the Court and serve on DOGSWELL, within thirty (30) days after the service on DEFENDANTS of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which DEFENDANTS have complied with the injunction.

  E. That the Court award judgment in favor of DOGSWELL for the amount of either damages sustained by DOGSWELL or the profits made by DEFENDANTS as a result of DEFENDANTS' wrongful conduct, whichever amount is greater, and damages in an amount necessary for DOGSWELL to conduct corrective advertising to eliminate the confusion caused by DEFENDANTS' wrongful acts.

  F. That the Court award judgment in favor of DOGSWELL in the amount of treble damages under 15 U.S.C. §1117, plus prejudgment interest.

  G. That the Court award judgment against DEFENDANTS for the full costs of this action, including reasonable attorney fees.

  H. That the Court award to DOGSWELL punitive damages sufficient to deter DEFENDANTS from committing such willful acts of infringement in the future.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-16-

COMPLAINT

DOCSSM/3004617v2/102631-0115

1     I.     For interest on all amounts found to be due to DOGSWELL from DEFENDANTS, at the prevailing rate, from the date said amounts or any part thereof became or become due.

    J.     That the Court require DEFENDANTS to notify their parents, subsidiaries, affiliated companies, commercial associates, dealers, dealer advertising associations, advertising agencies, suppliers and customers of said Order.

    K.     That the Court order such other, further and different relief as the nature of this action may require and that the Court deem just and proper.

    L.     That the Court retain jurisdiction of this action for the purpose of enabling DOGSWELL to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

Respectfully submitted,

DATED: September 30, 2013     STRADLING YOCCA CARLSON & RAUTH, P.C.

By: _____
Thomas J. Speiss, III, Esq.
Attorneys For Plaintiffs

**COMPLAINT**

1 **JURY DEMAND**

2   DOGSWELL hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on each and every cause of action asserted in its Complaint that is triable by jury.

Respectfully submitted,

DATED: September 30, 2013   STRADLING YOCCA CARLSON & RAUTH, P.C.

By: _____
Thomas J. Speiss, III, Esq.
Attorneys For Plaintiffs

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-18-

COMPLAINT

DOCSSM/3004617v2/102631-0115

THOMAS J. SPEISS, III, CA Bar Number 200949
STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Blvd., Suite 400
Santa Monica, CA 90401
Telephone: (424) 214-7042
Fax: (424) 645-0770
Email: TSpeiss@SYCR.com
Attorneys for Plaintiff,
Arthur Dogswell, L.L.C.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DOGSWELL, L.L.C., a Delaware Limited Liability Company, <br><br> PLAINTIFF(S) <br> v. <br> HIMALAYAN CORPORATION, a Washington Corporation; HIMALAYAN HOLDINGS GROUP, LLC, a Washington Limited Liability Company; SUJAN K. SHRESTHA, an individual; and DOES 1-10, <br><br> DEFENDANT(S). | CASE NUMBER <br> CV13-7235 ODW-MRWx <br><br><br> **SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>THOMAS J. SPEISS, III,</u>, whose address is <u>100 Wilshire Blvd., Suite 400 Santa Monica, CA 90401</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: SEP 3 0 2013

Clerk, U.S. District Court

By: SHEA BOURDOIS

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)  SUMMONS



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Otis D. Wright II_____ and the assigned Magistrate Judge is _____Michael R. Wilner_____.

The case number on all documents filed with the Court should read as follows:

**2:13-cv-07235 ODW-MRWx**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 30, 2013                    By  SBOURGEOIS
Date                                         Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES